US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUN - 9 2017
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

| | |
|---|---|
| TANYA HANNA )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>CHRISTUS HEALTH; CHRISTUS CONTINUING )<br>CARE, LIBERTY LIFE ASSURANCE )<br>COMPANY OF BOSTON; SELF-INSURED )<br>SHORT TERM DISABILITY PLAN; GROUP )<br>DISABILITY INCOME PLAN POLICY )<br>NO. GF3-890-460617-01 )<br>*Defendants* ) | Civil Action No. 17-2096 |

## COMPLAINT

### I. Preliminary Statement.

1. This action seeks declaratory, injunctive and equitable relief, statutory penalties, and attorney's fees and costs for violation of certain provisions of the Employee Retirement Income Security Act of 1974 (ERISA) with regard to Plaintiff, Tanya Hanna ("Mrs. Hanna"), long-term disability benefits and other benefits.

### II. Jurisdiction.

2. Plaintiff incorporates by reference the previous allegations set forth above and further states:

3. This is an action under ERISA 29 U.S.C. § 1161. el. seq.

4. Declaratory, injunctive and equitable relief are sought pursuant to 28 U.S.C. § 2201, 2202, and 29 U.S.C. § 1132, et seq, including § 1132 (a) (4) and § (a) (1).

5. Costs and attorney's fees may be awarded pursuant to 39 U.S.C. § 1132 (g) (1) and Fed. R. Civ. P, 54.

### III. Parties and Venue

6. Plaintiff incorporates by reference the previous allegations set forth above and further states:

7. Plaintiff, Tanya Hanna, is a citizen of the United States and resident of Le Flore County, OK.

8. That Separate Defendant, Christus Health, is registered as a Foreign Non-Profit Corporation within the State of Arkansas to do business and does so on a regular basis

9. That Separate Defendant, Christus Health's, registered agent for service is Corporation Service Company at 300 Spring Building STE. 900 Little Rock, AR. 72201.

10. That Separate Defendant, Christus Continuing Care, is registered as a Foreign Non-Profit Corporation within the State of Arkansas to do business and does so on a regular basis

11. That Separate Defendant, Christus Continuing Care's, registered agent for service is Corporation Service Company at 300 Spring Building STE. 900 Little Rock, AR. 72201.

12. That upon information and belief Christus Continuing Care's is a subsidiary of Christus Health.

13. Ms. Hanna was employed at Defendant, Christus's Continuing Care's, Fort Smith Arkansas location (fictitious name: Christus Dubuis Hospital of Fort Smith) as a Patient Care Assistant.

14. That upon information and belief the the Self-Insured Short Term Disability Plan is self-insured by Christus Health.

15. The agent of service for Defendant, Self-Insured Short Term Disability Plan, is Corporation Service Company at 300 Spring Building STE. 900 Little Rock, AR. 72201.

16. Defendant, Liberty Life Assurance Company of Boston, (referred to as "Liberty Life" herein). is a foreign company conducting business within the State of Arkansas and is licensed to do so (referred to as "Liberty Life" herein).

17. That the Principal address for Defendant, Liberty Life, is 175 Berkeley Street Boston, MA 02116

18. The registered agent for service of process on Defendant, Liberty Life, is The Corporation Company at 300 Spring Building STE. 900 Little Rock, AR. 72201.

19. That through Plaintiff's employment she was entitled to receive certain benefits and coverage through Defendants, Christus Health and Christus Continuing Care's (herein referred to collectively and individually as Christus Health), Christus Health Comprehensive Welfare Benefits Plan, related Plans, and/or Plans as listed in this Complaint.

20. Separate Defendant, Christus Health, contracted with Defendant, Liberty Life, to manage claims for Short Term Disability benefits under the Self-Insured Short

Term Disability Plan (herein referred to as the STD Plan). (please see attached hereto and incorporated herein as though written word for word as Exhibit 1 a true and accurate copy of the Self-Insured Short Term Disability Plan and Administrative Services Only Agreement).

21. Defendant, Christus Health, was the sponsor of the STD Plan and possessed final authority and responsibility for the STD Plan and its operation (see Exhibit 1 page 2 Part one).

22. That upon information and belief Defendant, Christus Health, was the responsible party for payment of STD Benefits.

23. Plaintiff was entitled Long Term Disability (LTD) Benefits through the Group Disability Income Policy No. GF3-890-460617-01(herein referred to as LTD Plan). (please see attached hereto and incorporated herein as though written word for word as Exhibit 2 a true and accurate copy of Policy No. GF3-890-460617-01).

24. That upon information and belief the Group Disability Income Policy No. GF3-890-460617-01 was insured and administered by Defendant, Liberty Life.

25. That Defendant, Group Disability Income Policy No. GF3-890-460617-01, agent of service is Corporation Company at 300 Spring Building STE. 900 Little Rock, AR. 72201

26. Defendant, Liberty Life, in LTD claims "reserved the right to determine if the covered person Proof of Loss is satisfactory (*see* Exhibit 2 Section 7).

27. Defendant, Liberty Life, "agrees to pay benefits provided by this policy (ie LTD Plan) in accordance with its provisions." Concerning LTD benefits

28. Defendant, Christus Health, was the sponsor of the LTD Plan and collection premiums from employees (including Plaintiff) and paid to Defendant, Liberty Life.

29. Separate Defendant, Liberty Life, upon information and belief, was at all times material to this action, the designated plan fiduciary and administered the LTD Plan.

30. Separate Defendant, Christus Health, upon information and belief was involved in the administration of benefits and the decision process upon which awards of benefits were made regarding the STD Plan.

31. Separate Defendant, Christus Health, upon information and belief, was at all times material to this action, the designated plan fiduciary and administered the STD Plan.

32. This action properly lies in the United States District Court for the Western District of Arkansas, pursuant to 28 U.S.C. § 1391 (b) and 29 U.S.C. § 1132 (e) (2).

## IV. FACTS

33. Plaintiff incorporates by reference the previous allegations set forth above and further states:

34. Mrs. Hanna began working for Separate Defendant, Christus Health, on March, 5th 2012.

35. Mrs. Hanna could not return to work and was determined to have a disability date of June 9, 2014.

36. The claim form submitted to Defendant, Liberty Life, by Defendant, Christus Health, states that, "Associate placed on work restrictions, facility is unable to

accommodate the work restrictions at this time." (please see attached hereto and incorporated herein as though written word for word as Exhibit 3 a true and accurate copy of the Christus Eligibility Request form)

37. Mrs. Hanna has, among others, suffered from the following medical issues: ganglion cyst/degenerative disk; pain in hands, neck and shoulders, cutaneous lupus; osteoarthritis, fibromyalgia; with impairments and limitations included, but were not limited to, decreased use of hands, shoulders, neck and back; decreased focus/concentration .

38. Mrs. Hanna application for Short Term Disability Benefits were initially approved with benefits payable through July 30, 2014. (please see attached hereto and incorporated herein as though written word for word as Exhibit 4 a true and accurate copy of the Initial STD Benefit approval letter)

39. Defendant, Liberty Life, continued paying benefits after July 30, 2014 and stated in an August 8, 2014 letter that STD Benefits would be exhausted on September 9, 2014. (please see attached hereto and incorporated herein as though written word for word as Exhibit 5 a true and accurate copy of the August 8, 2014 letter)

40. Defendant, Liberty Life, provided a letter on September 11, 2014 (2 days after STD benefits would be exhausted) denying STD benefits after August 31, 2013. (please see attached hereto and incorporated herein as though written word for word as Exhibit 6 a true and accurate copy of the September 11, 2014 STD Benefits Denial Letter).

41. That prior to denial of STD Benefits Plaintiff applied for LTD Benefits.

42. Defendant, Liberty Life, on September 11, 2014 also denied Plaintiff's request for LTD Benefits on the basis that Ms. Hanna had not satisfied the Elimination Period (meaning she had not remained disabled during time STD benefits could be provided) and that she was not disabled per the Plan's definition. (please see attached hereto and incorporated herein as though written word for word as Exhibit 7 a true and accurate copy of the September 11, 2014 LTD Benefits Denial Letter).

43. On September 26, 2014 Defendant, Christus Health, provided a letter of termination based upon Ms. Hanna's, "doctor's statement that you will never be able to return to full duty." (please see attached hereto and incorporated herein as though written word for word as Exhibit 7 a true and accurate copy of the Christus Health termination letter)

44. That Mrs. Hanna continues to be disabled, is not working, and has maintained care with her treating physicians.

45. The Plaintiff's Job description included physical requirements that she was no longer able to perform as a result of her disability. (please see attached hereto and incorporated herein as though written word for word as Exhibit 9 a true and accurate copy of the CHRISTUS Dubuis Health System Position Description).

46. The Definition for Disability for both STD Benefits and LTD Benefits as listed in the respective Plans, as outlined in the denial letters, is when a claimant is, "unable to perform the Material and Substantial Duties of his Own Occupation"

47. That the Plans definitions as it relates to Total Disability is the same for Long Term Disability and Short Term Disability.

48. A Physical Residual Functional Capacity Evaluation provided by Dr. Beachy, her treating physician, clearly indicates that Ms. Hanna was unable to perform the material duties Material and Substantial Duties of her Own Occupation. (please see attached hereto and incorporated herein as though written word for word as Exhibit 10 a true and accurate copy of the Physical Residual Functional Capacity Evaluation provided by Dr. Beachy).

49. That a physicians retained by Defendant, Liberty Life, provided a misleading statement in support of the denial that Dr. Beachy stated Ms. Hanna, "certainly could work;" Dr. Beachy returned the letter clarify that Ms. Hanna, "could work at a sedentary job with adlib position changes." (please see attached hereto and incorporated herein as though written word for word as Exhibit 11 a true and accurate copy of the letter and corrections by Dr. Beachy on 9/11/14).

50. That Plaintiff exhausted all administrative appeals for both STD Benefits and LTD Benefits;

51. Defendant, Liberty Life, final denial letter on August 30, 2015 address the denial of Plaintiff's request for STD Benefits and LTD Benefits. Denial of STD benefits was based on Defendant, Life Liberty's, determination that Ms. Hanna was not longer disabled as of August 31, 2014. Denial of LTD Benefits was based on the fact that Ms. Hanna had not satisfied the Elimination period of 90 days as she had been determined not disabled prior to exhausting her STD Benefits. (please see attached hereto and incorporated herein as though written word for word as Exhibit 2 a true and accurate copy of the Final Denial Letter by Defendant, Liberty Life, on August 30, 2015).

52. That throughout the process Ms. Hanna made timely claims for benefits, appeals and responses throughout the claim process.

53. That Separate Defendant, Liberty Life, ignored Ms. Hanna's treating physician's assessments and the medical records where they conflicted with assertions that she was disabled in an effort to deny benefits.

54. That Separate Defendant, Christus Health, failed to adequately review the decisions by Defendant, Liberty Life, relating to denial of STD Benefits or to take action to correct the wrongful denial.

55. That Separate Defendant, Liberty Life, intentionally denied Ms. Hanna STD benefits in order to ensure a simple procedural denial (based upon the required Elimination Period) of LTD Benefits.

56. That Separate Defendant, Liberty Life, failed to avoid conflicts of interest as it relates to individuals reviewing each denial and failing to ensure independent reviews of claims for LTD and STD Benefits.

57. That Defendant, Liberty Life, never indicated that Mrs. Hanna was considered as Partially Disabled.

58. At all times material to this cause of action, Mrs. Hanna was and has remained "totally disabled" or in the alternative has remained "Partially Disabled" within the meaning of the policy and is eligible to receive benefits in that:

    a) She satisfied all Elimination Periods

    b) due to sickness or injury she was unable to perform the Material and Substantial Duties of her Own Occupation

      c) Mrs. Hanna was not working at any job for wage or profit at any time material to the cause of action;

      d) Mrs. Hanna was under the regular care of a doctor.

      e) Provided proof of disability

59. That Ms. Hanna' has not received Other Income Benefits available while Long Term Disability Benefits are payable, said benefits are identified within the plan

60. Mrs. Hanna has exhausted her administrative remedies required under ERISA.

## V. Cause of Action

61. Plaintiff incorporates by reference the previous allegations set forth above and further states:

62. Defendant, its agents and employees, broached its contract with Mrs. Hanna by denying her STD and LTD Benefits (and others listed within the plan upon a determination of disability) under the Plan in the following respects, among others:

      a) Liberty Life's decision is not supported by substantial evidence;

      b) Liberty Life's decision is in bad faith;

      c) Liberty Life's decision demonstrates a serious breach of the Plan Administrator's fiduciary duties to Mrs. Hanna.

      d) Christus Health's decision is not supported by substantial evidence;

      e) Christus Health's decision is in bad faith;

      f) Christus Health's decision demonstrates a serious breach of the Plan Administrator's fiduciary duties to Mrs. Hanna.

63. Liberty Life's insuring the LTD Plan, acting as Plan Administrator in denying the benefits, and making the benefits decision, results in a direct financial benefit to Liberty Life as the Plan insurer, which constitutes a presumptive conflict of interest and its actions throughout the denial process were a breach of its fiduciary duty to Plaintiff.

64. Christus Health's insuring the STD Plan, acting as the Plan Administrator, failing to ensure proper reviews of benefits decision, allowing improper denials that results in a direct financial benefit to Christus Health as the Plan insurer, constitutes a presumptive conflict of interest and its actions throughout the denial process were a breach of its fiduciary duty to Plaintiff.

65. That both Defendant, Christus Health and Liberty Life's, (independently and jointly) acted consciously an unreasonably violated strict ERISA statutory and U.S. Department of Labor regulatory mandates specifying the information required in a fiduciary's notification to the claimant of its adverse benefit decision, including a statutory duty to write a denial in a manner calculated to be understood by the claimant, as well as a specific mandate requiring that the fiduciary state precisely what additional medical evidence is required for the claimant to perfect his claim, including a statement specifying why each piece of additional evidence is necessary.

66. Defendants denial of STD and LTD disability benefits to Plaintiff is an arbitrary and capricious denial of benefits under the Plans for the following reasons, among others:

    (a)    The Plan Administrator's final denial of benefits to Plaintiff

was based largely on a "paper review" of Mrs. Hanna medical records;

   (b) The Plan Administrator's failure to take into consideration the medical reports and treating physicians' statements is an arbitrary disregard of the severity of future disability resulting from resumption at any exertion level;

   (c) The Plan Administrator's when faced with serious conflicting findings failed to investigate the conflict as it relates to a denial and ignored precious findings concerning Ms. Hanna' condition in a blatant attempt to manipulate and ignore records supporting an award of benefits so as to avoid payment of STD and LTD benefits such actions are an arbitrary and capricious violation of the Plan;

   (d) The Plan Administrator failed to provide reasoned denials concerning decision made by alleged, independent reviewers and their paper reviews without further explanation or differentiation between each independent reviewers findings and the independent reviewers findings differentiation from treating physicians;

   (e) Defendant's failure to take into account everything submitted by the Plaintiff, including treating physicians' statements, affidavits, opinions, and the effects of Plaintiffs medications, is contrary to the ERISA statutes and regulations;

   (f) Defendant's refusal to consider restrictions and limitations for Ms. Hanna as they relate to the duties and responsibilities outlined in the Employee Job Description was contrary to the clear language of the Plan

   (g) Defendant's failure to consider Mrs. Hanna as Partially

Disabled and advise of her rights concerning Partial Disability was unreasonable and an arbitrary and capricious violation of the Plan and contrary to the ERISA statutes and regulations;

(h) Denial of STD benefits without providing Plaintiff with the medical reasoning, information supporting a change in her disability statues and/or failing to provide a clear indication of changes in her condition for which she no longer met the definition of disabled was an arbitrary and capricious violation of the Plan

(i) Denial of LTD benefits based upon the above improper denial of STD benefits was an arbitrary and capricious violation of the Plan

(j) Denial of benefits based upon Mrs. Hanna' perceived ability to perform the material and substantial duties was contrary to the clear language of the Plans;

(k) Denial based upon the assertion Ms. Hanna own occupation could be performed with certain accommodations without securing documentation by the Employer showing that such accommodations could be provided is contrary to the clear language of the Plan and is an arbitrary and capricious violation of the Plan

(l) Failure by Defendant, Christus Health, to consider the termination letter sent after denial of STD Benefits and investigating the conflicting reasoning behind each was an arbitrary and capricious violation of the Plan

(m) Unreasonably and without justification denying Plaintiff's claim for STD and LTD benefits, and asserting improper bases for doing so, despite

knowing or possessing sufficient knowledge to know that Plaintiff was totally disabled and qualified for such benefits under the terms and conditions of her compensation agreement, and doing so in order to boost its profits.

67. That based upon the above facts, conflicts of interest, and/or failure of the Plans to properly and expressly grant discretionary authority to make eligibility determination this matter and the denial of benefits should be reviewed "de novo."

## VI. Prayer for Relief.

WHEREFORE, the Plaintiff TANYA HANNA prays that this Court:

(a) Declare that, the Defendant's conduct alleged herein is in violation of the Plaintiffs ERISA rights;

(b) Declare and award Plaintiff STD and LTD disability benefits, and all other income benefits available while benefits were payable, retroactive to the application for benefits, giving Defendant appropriate credit for benefits paid;

(c) Award statutory penalties that may be appropriate as allowed by law;

(d) Award prejudgment interest under 29 U.S.C. § 1132 (a) (3) (B), and post judgment interest;

(e) Award plaintiff costs and attorney's fees pursuant to 29 U.S.C. § 1132 (g)(1);

(f) A review of this and relating matters "De Novo"

(g) Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
TANYA HANNA

By: _____
G. E. Bryant, III, "Trae, ABA# 2013050
Medlock & Gramlich LLP
P.O. Box 2646
Fort Smith, AR 72901
Phone No. (479) 494-5614
Fax No.    (479) 802-4742